[No. 55708-4-I.   Division One.   March 6, 2006.]

LASER UNDERGROUND & EARTHWORKS, INC., *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*Aaron K. Owada* (of *Northcraft Bigby & Owada, P.C.*), for appellant.

*Robert M. McKenna, Attorney General,* and *Matthew E. Lund, Assistant,* for respondent.

¶1 PER CURIAM — The Department of Labor and Industries (Department) cited Laser Underground & Earthworks, Inc., for failing to comply with safety regulations. The Board of Industrial Insurance Appeals (Board) and the superior court upheld one citation against the employer for failing to protect employees from possible cave-in hazards in trenches. Laser appeals, arguing that the regulation, WAC 296-155-657(1)(a), does not apply under the facts here. We disagree and affirm.

## Background

¶2 Laser contracted to install a sewer line along a street in Sumner. Excavation included removing the asphalt street surface and the roadbed, which comprised an approximately 6-inch layer of crushed rock. Soil under the street was then excavated in 20-foot sections. As each trench segment was dug, the excavated material was used to backfill the previous section of the trench. No protection was provided against cave-ins.

¶3 Following an inspection of the work site on August 7, 2002, the Department cited Laser for three safety violations involving trench hazards. The citation alleged Laser failed to protect employees from cave-ins, failed to provide a proper means of access to or egress from the excavation,

and did not conduct daily inspections of the construction site.

¶4 Laser contested the citation and penalties. The industrial insurance appeals judge who heard the case issued a proposed decision and order vacating the Department's citation in its entirety. The Department filed a petition for review. The Board entered findings of fact and conclusions of law affirming the judge's decision in part but reversing the determination that Laser had not committed a serious violation of WAC 296-155-657(1)(a) by failing to adequately protect employees working in the trench from cave-in hazards. A superior court judge affirmed the Board's decision. This appeal followed. We review the Board's interpretation of an agency regulation under an error of law standard. *Cobra Roofing Serv., Inc. v. Dep't of Labor & Indus.*, 122 Wn. App. 402, 409, 97 P.3d 17, *review granted,* 154 Wn.2d 1001, 113 P.3d 481 (2004).

*Discussion*

¶5 The only question is whether Laser violated WAC 296-155-657(1)(a), which provides:

(a) Each employee in an excavation shall be protected from cave-ins by an adequate protective system designed in accordance with subsections (2) or (3) of this section except when:

(i) Excavations are made entirely in stable rock; or

(ii) Excavations are less than 4 feet (1.22m) in depth and examination of the ground by a competent person provides no indication of a potential cave-in.

¶6 The excavation here was not made in stable rock. Laser's trench thus needed to include a protective system or be less than four feet in depth. The trench had vertical walls about three feet apart, and Laser concedes the trench was between four and a half to five and a half feet deep *measured from the bottom of the trench to the surface*. But Laser argues that the layers of asphalt pavement and road-bed are stable materials and should not be included in measuring the depth of the excavation. We disagree.

¶7  WAC 296-155-657(1)(a) does not define how the depth of the trench is measured. Agency regulations are interpreted as if they were statutes. *Cobra Roofing*, 122 Wn. App. at 409. We give substantial weight to the agency's interpretation of statutes and regulations within its area of expertise. *Wash. Cedar & Supply Co. v. Dep't of Labor & Indus.*, 119 Wn. App. 906, 912-13, 83 P.3d 1012 (2004). Therefore, we will uphold the agency's interpretation of a regulation if it reflects a plausible construction of the language and is not contrary to legislative intent. *Cobra Roofing*, 122 Wn. App. at 409. "We interpret WISHA [Washington Industrial Safety and Health Act of 1973, chapter 49.17 RCW] provisions liberally to carry out the statute's remedial purpose." *Id.* at 411. The purpose of WISHA is "to assure, insofar as may reasonably be possible, safe and healthful working conditions for every man and woman working in the state of Washington." RCW 49.17.010.

¶8  Here the Board concluded that measurement of the tunnel should be from its bottom to the surface. This interpretation is neither clearly erroneous nor unreasonable. Not only does this measurement advance the remedial purpose of WISHA, it is consistent with decisions interpreting similar provisions in the Occupational Safety and Heath Act of 1970, 29 U.S.C. §§ 651-678.

¶9  Laser argues that the Board's interpretation of WAC 296-155-657(1)(a) is unreasonable because it would require needless destruction of man-made materials to create sloping sides for the trench. This argument assumes that sloping is the only system approved under the regulation to protect against cave-ins. It clearly isn't. *See* WAC 296-155--657(3).

¶10  Laser also argues asphalt should be treated the same as stable rock for purposes of the regulation. But the safety requirements of WAC 296-155-657(1)(a) apply unless the trench is cut entirely in stable rock. Only a fraction of Laser's trench was cut through asphalt.

¶11  Laser's argument that man-made materials above the soil line are not considered in the measurement is

equally unavailing. Laser relies on the definition of "excavation" in WAC 296-155-650(2)(h), a "depression in the earth's surface, formed by earth removal," and the definition of "trench" in WAC 296-155-650(2)(y), "[a] narrow excavation in relation to its length made below the surface of the ground." These references to "earth" and "ground" are generic and are unhelpful here. The man-made materials in Laser's excavation were properly counted in the depth measurement.

¶12 The challenged citation is supported by substantial evidence. The Board did not err in finding a violation of WAC 296-155-657(1)(a).

¶13 Laser also argues that the Board incorrectly categorized the absence of sloping or other cave-in protection as a "serious violation" in RCW 49.17.180(6). Laser argues that "there is no proof that the asphalt could have caved in." Appellant's Br. at 12. This argument is specious. Under RCW 49.17.180(6), a WISHA violation is serious where there is a substantial probability that death or serious physical harm could result. Laser admits "[t]here is no doubt that a cave-in of a trench wall can cause death·or serious bodily harm." Appellant's Br. at 7-8.

¶14 Allowing workers to enter a trench in which they could be buried or crushed if a cave-in occurred constitutes a serious WISHA violation.[1]

¶15 Affirmed.

---

[1] Laser's argument appears to be premised on the trench being "7 1/2 feet wide at the top." Appellant's Reply Br. at 7. However, the record indicates that the trench walls were in fact almost vertical and only about 3 feet apart.